(122 So. 310)

### McKENZIE v. STATE. (7 Div. 477.)

Court of Appeals of Alabama. March 19, 1929.

Rehearing Denied April 9, 1929.

Merrill & Field, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. A still in full operation with whisky already manufactured, and whisky running from the worm thereof was discovered in close proximity to appellant's home, and the evidence, without dispute shows that at the time of the raid of said still by the officers of the law the appellant was present at the still. There was evidence by the three state witnesses that the accused went to the still and caught whisky in a bottle, as it ran from the worm, that he would shake it and hold it up and look at it and then pour it into a can sitting under the worm; after which he went off some short distance, and in a few minutes did the same thing again; and that upon his third trip to the still, they (the officers) closed in upon the still, and defendant and one or two negroes, also present, ran, but the defendant was caught by one of the officers; the negro, or negroes, escaped.

This evidence and some other evidence, incriminating in its nature, presented a jury question as to whether or not this defendant did, upon that occasion, distill, make, or manufacture spirituous liquors, etc., as charged in the first count of the indictment, or, if he was in possession of the unlawful still in question as charged in the second count, or, if he aided or abetted another in the commission of either of these offenses. Under this evidence the affirmative charge was not in point, and there was no error in its refusal.

After a careful examination of the several exceptions reserved to the court's rulings upon the admission of evidence, we are convinced that no error of a reversible nature appears in any of these rulings. No motion for a new trial was made, and the corpus delicti having been fully proven without dispute, the material question as to the commission of the offense by the accused or his

participation therein, was properly submitted to the jury for determination.

Let the judgment of conviction stand affirmed.

Affirmed.

### On Rehearing.

The application for rehearing has been considered by the court en banc. The court has read again the entire record, and has considered each point of decision involved upon the appeal. We again conclude there is no reversible error, and that the opinion heretofore rendered is correct.

Application overruled.